Jiang v. Sessions

BIA
Hom, IJ
A206 565 575 / 576

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand seventeen.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JINMEI JIANG, BINGBING TANG,
*Petitioners,*

v.                                          16-2558
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONERS:**        Zhen Liang Li, New York, NY.

**FOR RESPONDENT:**         Chad A. Readler, Acting Assistant
                            Attorney General, Civil Division,
                            Jeffery R. Leist, Senior Litigation
                            Counsel, Aric A. Anderson, Trial
                            Attorney, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jinmei Jiang and Bingbing Tang, natives and citizens of the People's Republic of China, seek review of a June 23, 2016 decision of the BIA affirming a January 28, 2015 decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinmei Jiang, Bingbing Tang,* Nos. A206 565 575/576 (B.I.A. June 23, 2016), *aff'g* Nos. A206 565 575/576 (Immig. Ct. N.Y. City Jan. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a

credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Jiang was not credible.

First, the agency reasonably determined that Jiang undermined her own credibility by omitting from her asylum interview and written statement any mention of the bribe her mother-in-law paid to a doctor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Jiang testified that after her IUD was removed, her mother-in-law paid a doctor to cover up the removal at Jiang's gynecological checkups. Jiang argues that her failure to mention the bribe at her asylum interview should not count against her because her interviewer wrongly assumed that Jiang stopped attending her checkups. Jiang's argument ignores the interviewer's subsequent question about how Jiang was able to hide her IUD removal. Jiang further argues that her omission of the bribe from her written statement was insignificant because the bribe does not relate to the discovery of her unauthorized pregnancy

in September 2012. But Jiang's claim of persecution rests on China's coercive birth control policies, of which IUD use is a strictly enforced component, so her evasion of those policies does relate to her credibility. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum" affords "substantial evidence to support the adverse credibility finding" (internal quotations omitted)).

The agency also reasonably relied on inconsistencies in Jiang's testimony about the availability of her medical records and whether she moved to a new home after she discovered her second pregnancy. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67. Jiang was unable to explain why she was able to obtain medical records for her IUD insertion and abortion, but not for the complications she suffered after the abortion. In addition, Jiang testified inconsistently about whether she moved during her second pregnancy, calling into question her statements that she and her husband had reason to avoid detection.

4

Nor did the agency err in concluding that Jiang failed to rehabilitate her non-credible testimony with her documentary evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably gave little weight to Jiang's husband's letter because he was not subject to cross-examination, and to Jiang's mother-in-law's letter because it was not made under oath and omitted any mention of the bribes. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence in immigration proceedings lies largely within agency discretion); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's determination that diminished weight be given to evidence "submitted by an interested witness"). The agency also reasonably gave diminished weight to Jiang's medical records because they were not signed, attested, or certified, and she could not

5

compellingly explain why only some records were available. *Xiao Ji Chen*, 471 F.3d at 342; *Y.C.*, 741 F.3d at 334.

The reliability of the abortion certificate depended on Jiang's credibility. Because Jiang's testimony had already been called into question, the agency did not err in declining to find the abortion certificate dispositive. The BIA referred to case law discussing the State Department's observation that there was no evidence that abortion certificates were provided for involuntary abortions. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007) (noting a "1998 State Department Country Report which states that United States authorities are unaware of any so-called abortion certificates and that the only document that might resemble such a certificate . . . is a document issued by hospitals upon a patient's request after a voluntary abortion" (internal quotation marks omitted)); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (same). When a State Department country report contradicts evidence or does not rehabilitate the credibility of an asylum applicant whose testimony has been found not credible, the agency does not abuse its discretion in declining to credit the applicant's evidence. *See Xiao Ji Chen*, 471 F.3d at 342.

Given the significant omissions and inconsistencies, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Xian Tuan Ye*, 446 F.3d at 295. That determination is dispositive of Jiang's application for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk